**BOARD OF PROFESSIONAL RESPONSIBILITY, Petitioner,**

v.

**Earl L. WILLIAMS, Respondent.**

**No. D–91–2.**

Supreme Court of Wyoming.

July 30, 1991.

Randal R. Arp, Wyoming State Bar, Cheyenne, for petitioner.

Kennard F. Nelson, Laramie, for respondent.

## ORDER OF SUSPENSION OF THE RIGHT TO PRACTICE LAW

The Board of Professional Responsibility of the Wyoming State Bar on June 28, 1991 presented to this Court its Report of Findings of Fact, Conclusions of Law and Recommendations, charging the above-named respondent-attorney, regularly admitted to the practice of law in the state of Wyoming, with professional misconduct. Automatic review and final decision is required of this Court by Wyo. Const. art. 2, § 1 and art. 5, § 2; W.S. 5–2–118 and Rule VI(b)(4) and (h), Disciplinary Code for the Wyoming State Bar. After consideration thereof, the Court, by clear and convincing evidence, finds:

The Board of Professional Responsibility of the Wyoming State Bar, upon receipt of a written complaint with respect to alleged professional misconduct, proceeded appropriately to investigate. Formal disciplinary proceedings were instituted and a complaint was filed by the Bar Counsel of the Wyoming State Bar.

After a hearing and the receipt of evidence, the Board of Professional Responsibility made its Report of Findings of Fact, Conclusions of Law and Recommendations to this Court. The Report of Findings of Fact, Conclusions of Law and Recommendations is attached hereto and incorporated in haec verba as Appendix A.

The respondent-attorney on July 18, 1991 filed exceptions to the findings of the Board of Professional Responsibility. This Court has reviewed the record, briefs and

memorandum, together with the exceptions.

ORDERED:

1. The Findings of Fact, Conclusions of Law and Recommendations contained in the Report of the Board of Professional Responsibility of the Wyoming State Bar be, and they hereby are, approved.

2. Earl L. Williams, by reason of violation of DR5–104(A), be, and he hereby is, suspended from the practice of law in this state for a period of two (2) years or until such time as restitution with interest has been made to Lucy Simmons, whichever time period is longer.

3. Respondent-attorney is assessed and shall pay to the Wyoming State Bar for the account of the Wyoming State Bar Board of Professional Responsibility the costs and expenses incurred in connection with the investigation and disciplinary proceeding in the amount of $977.54.

4. Earl L. Williams shall comply with the duties of Rule XX of the Disciplinary Code.

5. Earl L. Williams shall be permitted to make application to the Board of Professional Responsibility for reinstatement to the practice of law in this state after six (6) months of suspension upon a showing that restitution with interest to Lucy Simmons has been accomplished, that the assessed costs have been paid to the Wyoming State Bar for the account of the Wyoming State Bar Board of Professional Responsibility and that compliance with Rule XX has been made.

6. The suspension shall remain in effect, notwithstanding the foregoing until such time as respondent-attorney has made application for reinstatement with the Board of Professional Responsibility in accordance with Rule XXII of the Disciplinary Code and is current on continuing legal education requirements and dues requirements of the Wyoming State Bar.

7. This Order is entered on this date and effective thirty (30) days thereafter so as to permit compliance with Rule XX of the Disciplinary Code; and it further is

8. The clerk of this Court docket the Report of Findings of Fact, Conclusions of Law and Recommendations, and all supporting papers of the Board of Professional Responsibility, as well as this Order as a matter coming regularly before this Court as a public record.

CARDINE and GOLDEN, JJ., not participating.

APPENDIX "A"

STATE OF WYOMING

COUNTY OF LARAMIE

BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

WYOMING STATE BAR

STATE OF WYOMING

IN THE MATTER OF EARL L. WILLIAMS, Respondent.

Docket No. (59–87)

REPORT OF FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATIONS

COMES NOW the Board of Professional Responsibility of the Wyoming State Bar and hereby files its report in the above-captioned matter.

On December 10, 1990, a hearing was held in a courtroom of the Supreme Court Building, Cheyenne, Wyoming. Committee members present at the hearing were Dean W. Borthwick, Chairman, Herb Carter, James L. Edwards, Kathleen A. Hunt and Joseph E. Vlastos. Appearing on behalf of the Wyoming State Bar was Mary Elizabeth Senkewicz. Appearing on behalf of the Respondent was Kennard F. Nelson. Testimony was received from the Respondent, Earl L. Williams and from Thomas J. Rardin, Wyoming State Bar investigator. The complainant, Lucy Simmons, did not appear.

The Board of Professional Responsibility, after having reviewed the testimony of the witnesses, and the evidence presented at the hearing, and after having reviewed the proposed Findings Of Fact And Conclu-

sions Of Law submitted by counsel in this matter, hereby makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Respondent is a member of the Wyoming State Bar, licensed to practice law, who formerly maintained an office for the practice of law in Laramie, Wyoming. (Respondent's answer, para. 1).

2. A COMPLAINT FOR FORMAL DISCIPLINARY PROCEEDINGS was filed by Bar Counsel on April 25, 1990. Respondent filed an answer on May 15, 1990. Trial was originally scheduled for August 22, 1990, but was continued until December 10, 1990, when trial was held in Cheyenne, Wyoming.

3. Lucy M. Simmons, age 90, was admitted to Ivinson Memorial Hospital on December 10, 1985. (Tr. p. 9).

4. Mrs. Simmons then entered the Bethesda Care Center, where she remained until the latter part of December 1985. (Tr. p. 9).

5. While Mrs. Simmons was in the hospital, Mrs. Simmons' step-daughter, Vivian Arterberry, contacted Respondent to assist Mrs. Simmons in her affairs. (Respondent's answer, para. 1; Tr. p. 10).

6. Respondent had previously performed legal work for Mrs. Simmons, over the prior ten year period. (Tr. pp. 10, 12, 47).

7. Respondent did assist Mrs. Simmons by inventorying her assets, paying her bills and handling other requests of Mrs. Simmons. (Respondent's answer para. 4; Tr. pp. 10, 18, 19).

8. Respondent, at Mrs. Simmons' request, went into her home to retrieve various items for her while she was in Bethesda Care Center. (Tr. p. 17).

9. Respondent went to Mrs. Simmons' home while she was in the hospital, retrieved her purse, which contained $1,300.00, approximately $20.00 in currency and coins, and approximately $76.95 in an envelope, and removed the items from her home. (Tr. pp. 15, 16).

10. Respondent checked on Mrs. Simmons' mail while she was confined. (Tr. p. 16).

11. Mrs. Simmons furnished Respondent with a set of keys to her home. (Tr. p. 18).

12. Respondent wrote checks for Mrs. Simmons' signature, and would make bank deposits for her. (Tr. p. 18).

13. Respondent removed the following items from Mrs. Simmons' home while she was confined and returned them to her on January 1, 1986:

Certificates of Deposit

| | | |
|---|---|---|
| Rocky Mountain Federal Savings & Loan | No. 32602034 | $9,000.00 |
| | No. 36300121 | 2,004.35 |
| | No. 36100162 | 8,240.40 |
| | No. 003–6300004 | 8,539.61 |
| | No. 36000003 | 3,899.52 |
| First Interstate Bank of Laramie | No. 1100017663 | $10,318.48 |
| | No. 1100018657 | 7,626.76 |
| | No. 1100018461 | 20,333.70 |
| | No. 1100019029 | 9,000.00 |
| First Wyoming Bank of Laramie | No. 58099 | $22,001.37 |
| | No. 56469 | 9,500.00 |
| United Savings & Loan | No. 3004817 | $ 3,000.00 |
| | No. 3004504 | 5,559.66 |
| | No. 0020897985 | 9,634.82 |

First Interstate Bank of Laramie Savings Acct. book No. 50373677

Envelope containing $76.00 currency and $0.95 coins.

$1,300.00 currency:  4–$100 bills
12–$50 bills
15–$20 bills

2–diamond rings, one with attached wedding band
Rocky Mountain Federal check to Catherine Freeman

1–red ledger book

Brown purse and wallet containing $19.00 currency and $1.44 coins. (Tr. p. 19; Exhibit B).

---

14. Respondent was paid for his services by Mrs. Simmons (Respondent's answer para. 1; Tr. p. 10).

15. Beginning in December of 1985, Respondent had an attorney-client relationship with Mrs. Simmons. (Respondent's answer para. 1; Tr. pp. 10, 13).

16. In December, 1985 or January, 1986, Respondent requested a loan in the amount of $7,500 from Mrs. Simmons. (Respondent's answer para. 1; Tr. pp. 20, 21).

17. Respondent told Mrs. Simmons that he was in a pinch, (Tr. p. 67) and that he needed the money for working capital. (Tr. p. 49).

18. Respondent did not advise Mrs. Simmons to seek the advice of outside counsel with regard to making the loan. (Respondent's answer, para. 1; Tr. p. 24).

19. Respondent did not provide Mrs. Simmons with a personal financial statement. (Tr. p. 22).

20. Respondent did not explain to Mrs. Simmons the disadvantages to her in making an unsecured loan. (Tr. pp. 22, 23).

21. Respondent did not explain to Mrs. Simmons that they had conflicting interests in the loan transaction. (Tr. p. 23).

22. Respondent did not explain to Mrs. Simmons the difference in the conflicting interests inherent in a loan relationship, specifically that the obligor and obligee have various rights and responsibilities that go along with that relationship. (Tr. p. 23).

23. Respondent did not explain to Mrs. Simmons that he might not be acting in her best interest in obtaining an unsecured loan. (Tr. p. 23).

24. Mrs. Simmons did not request that Respondent not exercise his professional judgment on her behalf and not act in her best interest in the course of their attorney-client relationship. (Tr. p. 24).

25. Mrs. Simmons loaned Respondent $7,500 and received a promissory note dated January 9, 1986 signed by Respondent and his wife. (Respondent's answer para. 1; tr. p. 20).

26. The note was due on January 10, 1987. (Respondent's answer para. 1; Tr. p. 20).

27. Respondent did not pay the note when due on January 10, 1987. (Respondent's answer para. 1).

28. The note is presently in default. (Respondent's answer para. 1).

29. A loan is a business transaction.

30. Informing the client that he was in a pinch and that he needed the money for working capital does not constitute full disclosure by the Respondent.

31. The fact that the client expected the Respondent to exercise his professional judgment on her behalf, which we expressly find, can be inferred from all the circumstances of this case, including that Respondent had known Mrs. Simmons for ten years prior to this representation; that Respondent during this ten year period had previously had an attorney/client relation-

ship with Mrs. Simmons; that Mrs. Simmons had seen other attorneys prior to allowing Respondent to represent her again in December 1985; that she trusted the Respondent, evidenced by her allowing him access to her home and giving him keys for that purpose; that within this present attorney/client relationship Respondent had exercised his professional judgment on her behalf by removing certain items from her home for safekeeping, and later returning them to her intact; that Mrs. Simmons exposed the extent of her assets to Respondent; and that ordinarily a client would rely on a lawyer's advice in a similar transaction with a third party.

32. Respondent entered into a business transaction with a client.

33. Respondent and his client had differing interests with regard to the loan transaction.

34. The client expected Respondent to exercise his professional judgment therein for her protection.

35. The client did not consent to the transaction after full disclosure.

36. A violation of DR 5–104(A) has been proven by clear and convincing evidence.

37. The Board finds the following aggravating factors present in this case: substantial experience in the practice of law; selfish motive; and lack of a timely good faith effort to make restitution.

38. The Board finds the following mitigating factors present in this case: absence of a prior disciplinary record; full disclosure to the Board; and delay in disciplinary proceedings.

39. As of January 9, 1991 the amount due on the defaulted note is $10,500.00, which note continues to accrue interest from and after January 9, 1991 at the rate of ten percent (10%) interest. Both counsel stipulated that this is correct (Tr. P. 10, 11).

40. The costs and expenses incurred in this grievance proceeding total $977.54. Respondent and his attorney were notified of the costs and expenses of the proceeding, and no objection thereto was received from Respondent or his counsel (Affidavit of Costs and Expenses; official Board file).

## CONCLUSIONS OF LAW

1. The Board has jurisdiction of this matter pursuant to Rule I of the Disciplinary Code for the Wyoming State Bar.

2. By entering into a business transaction with a client when they had differing interests therein, and when the client expected the lawyer to exercise his professional judgment therein for the protection of the client, without the client's consent after full disclosure, Respondent has violated DR 5–104(A) of the Code of Professional Responsibility which was in effect at the time of the conduct in question.

3. DR 5–104(A) provides as follows:

DR 5–104 Limiting Business Relations with a Client.

(A) A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure.

## RECOMMENDATIONS

The Board of Professional Responsibility, based upon the foregoing findings of fact and conclusions of law, and further based upon a review of the ABA Standards For Imposing Lawyer Sanctions, particularly 4.32, makes the following recommendations to the Wyoming Supreme Court with respect to Earl L. Williams, Respondent. The Respondent should be suspended from the practice of law for two (2) years. The Respondent should be required to make restitution to Lucy Simmons. The Board has attached hereto its certification of the costs and expenses incurred in connection with the investigation and disciplinary proceeding, and recommends to the Court the assessment of the costs so certified in the amount of $977.54 against the Respondent. Respondent should be permitted to make application to the Board of Professional Responsibility for reinstatement to the practice of law in this state after six

months of suspension upon a showing that: 1) restitution to Lucy Simmons has been accomplished, which should include any interest due and owing, and 2) the assessed costs have been paid to the Wyoming State Bar for the account of the Wyoming State Bar Board of Professional Responsibility. In any event, the suspension should remain in effect, notwithstanding expiration of the two year suspension period, until such time as the Respondent: 1) has made restitution to Lucy Simmons and payment of costs and expenses assessed to the Bar, and 2) has made application for reinstatement with the Board of Professional Responsibility in accordance with Rule XXII of the Disciplinary Code. The Board further recommends that any such order imposed by the Court specify an entry date and an effective date and remind Respondent of his obligations pursuant to Rule XX of the Disciplinary Code.

The foregoing Report Of Findings Of Fact And Conclusions Of Law And Recommendations (with exception of costs and expenses) were adopted by the Board unanimously in conference on May 7, 1991. Costs and expenses were certified following notice, opportunity to contest and lack of objection thereto. There were no dissenting or minority views.

DATED this 5 day of June, 1991.

/s/ Joseph E. Vlastos
Joseph E. Vlastos
Chairman
Board of Professional Responsibility
Wyoming State Bar
P.O. Box 109
Cheyenne, WY 82003
(307) 632-9061